**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LYNCH & CO. FUNERAL DIRECTORS, PLLC,
et al.,

        Plaintiffs,

                                        Case No. 08-CV-13949-DT

v.

FUNERAL ETHICS ORGANIZATION, INC., et
al.,

        Defendants.
                                           /

**OPINION AND ORDER STRIKING MOTION TO DISMISS AND REQUEST TO SET
ASIDE CLERK'S ENTRY OF DEFAULT, SUSPENDING ACTION AGAINST
DEFENDANT FUNERAL ETHICS ORGANIZATION,
AND SETTING A SCHEDULING CONFERENCE**

On October 29, 2008, Defendant Elizabeth Carlson filed two documents, purportedly on behalf of Defendant Funeral Ethics Organization, Inc. ("FEO"): (1) a motion to dismiss and (2) a request to set aside the clerk's entry of default. Ordinarily, parties are permitted to proceed either personally or by counsel. However, "[i]t has been the law for the better part of two centuries[,] . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (dictum) (citing *Osborn v. President of the Bank of United States*, 9 Wheat. 738, 829 (1824)). Thus, a corporation cannot properly be "represented" in court by its owners, officers or anyone else who is not an attorney admitted to practice.[1] *See* 28 U.S.C. § 1654; *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The

---

[1] In order to practice law before the bench of the Eastern District of Michigan, an attorney must be admitted to the district. *See* E.D. Mich. LR 83.20. "Practice" includes signing a paper. E.D. Mich. LR 83.20(a)(1).

rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *United States v. 9.19 Acres of Land, More or Less, Situate in Marquette County, Mich.*, 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court.").

Although Elizabeth Carlson is apparently the registered agent for FEO, she cannot represent it in this litigation. The court will therefore strike the documents she attempted to file on FEO's behalf. The court will give FEO additional time to retain an attorney, and will suspend any activity against FEO in the meantime. Accordingly,

IT IS ORDERED that Defendant FEO's motion to dismiss [Dkt. # 13] and request to set aside the clerk's entry of default [Dkt. # 14] are hereby STRICKEN from the docket of this court.

IT IS FURTHER ORDERED that FEO shall, on or before **December 5, 2008**, obtain counsel and have counsel file an appearance with the court.

IT IS FURTHER ORDERED that all action against FEO is SUSPENDED until further order of the court. In the event no appearance is filed by **December 5, 2008**, the court will lift the suspension, and Plaintiffs will be allowed to pursue entry of a default judgment against FEO.[2]

---

[2]In the event that counsel for Defendant FEO timely files an appearance, the court is strongly inclined to set aside the clerk's entry of default, either upon motion or stipulation.

Finally, the court will conduct a scheduling conference in chambers on

**December 16, 2008 at 11:00 a.m.**

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 14, 2008, by electronic and/or ordinary mail.

      S/Lisa G. Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522