UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNCH & CO. FUNERAL DIRECTORS,
PLLC, a Michigan professional limited liability
company, THOMAS LYNCH, an individual,

       Plaintiffs,

                   No. 08-13949
v.                     Hon. Robert H. Cleland

FUNERAL ETHICS ORGANIZATION, INC.,
a Vermont corporation, LISA CARLSON, an
individual, FUNERAL CONSUMERS ALLIANCE
OF IDAHO, INC., an Idaho corporation, FUNERAL
CONSUMERS ALLIANCE, INC., a Pennsylvania
corporation,

       Defendants.
_____/

**STIPULATION REGARDING PROTECTIVE ORDER**

  Plaintiffs Lynch & Co. Funeral Directors, PLLC and Thomas Lynch ("Plaintiffs") and

Defendants Funeral Ethics Organization, Inc., Lisa Carlson, Funeral Consumers Alliance Inc.

("Defendants"), through the undersigned counsel, hereby stipulate and agree to entry of the

Protective Order attached hereto as Exhibit A.

**SO STIPULATED**:
SGROI LAW FIRM PLC         BOYLE BURDETT

By:s/David M. O'Hara        By:s/H. William Burdett, Jr.
  David M. O'Hara (P68608)       H. William Burdett, Jr. (P63185)
12845 Farmington Road         14950 East Jefferson, Suite 200
Livonia, Michigan 48150         Grosse Pointe Park, Michigan 48230
(734) 421-9200           (313) 344-4000
(734) 421-9229 (facsimile)        (313) 344-4001 (facsimile)
*Attorneys for Plaintiffs*         *Attorneys for Funeral Ethics Organization*

1

MULCAHY & MULCAHY PC

By:s/Patrick F. Mulcahy
   Patrick F. Mulcahy (P40514)
201 East Main Street, Suite C
Northville, Michigan 48167
(248) 347-8888
(248) 347-2035 (facsimile)
*Attorneys for Lisa Carlson*

By:s/Paul J. Johnson
   Paul J. Johnson (P34216)
755 West Big Beaver Road, Suite 2107
Troy, Michigan 48084
(248) 362-9800
(248) 362-9801 (facsimile)
*Attorneys for Funeral Consumers Alliance*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNCH & CO. FUNERAL DIRECTORS,
PLLC, a Michigan professional limited liability
company, THOMAS LYNCH, an individual,

            Plaintiffs,

v.

No. 08-13949
Hon. Robert H. Cleland

FUNERAL ETHICS ORGANIZATION, INC.,
a Vermont corporation, LISA CARLSON, an
individual, FUNERAL CONSUMERS ALLIANCE
OF IDAHO, INC., an Idaho corporation, FUNERAL
CONSUMERS ALLIANCE, INC., a Pennsylvania
corporation,

           Defendants.
_____/

**PROTECTIVE ORDER**

This matter having come before the Court upon the stipulation and agreement of Plaintiffs Lynch & Co. Funeral Directors, PLLC and Thomas Lynch ("Plaintiffs") and Defendants Funeral Ethics Organization, Inc. ("FEO"), Lisa Carlson ("Carlson"), and Funeral Consumers Alliance, Inc. ("FCA"); and the Court being otherwise duly advised in the premises:

IT IS ORDERED AS FOLLOWS:

1. This Stipulated and Agreed Protective Order ("Order") shall govern the handling of documents, depositions and all other information, including all copies, excerpts, and summaries thereof, produced, given or filed by a party or non-party during discovery and other proceedings in this case (collectively, the "Material").

2. For purposes of this Order, the following definitions shall apply:

3

a. "Attorneys' Eyes Only Information" means any Material produced or provided during the course of this action which is stamped, labeled, marked or otherwise identified by the Producing Party as "Attorneys' Eyes Only".

b. "Confidential Information" means any Material produced or provided during the course of this action which is stamped, labeled, marked or otherwise identified by the Producing Party as "Confidential". A Producing Party may also designate Material as "Confidential" by clearly designating documents as confidential in a separate written statement.

c. "Document" has the same broad meaning as provided in Rule 34 of the Federal Rules of Civil Procedure.

d. "Producing Party" means the party producing the Material in question and includes third-parties responding to a subpoena or other request in this action.

e. "Qualified Person" means:

i. Counsel of record for either party, its partners, members, associates and employees;

ii. A party or corporate representatives of a party;

iii. The authors, addressees, and copy recipients of the Material produced;

iv. Witnesses and/or deponents in connection with the prosecution or defense of this matter, provided that they agree in writing to be bound by the terms of this Order and sign an acknowledgment in the form attached as Exhibit 1. Prior to the execution of the acknowledgement attached to this Order as Exhibit 1, the party proposing the witness or deponent shall give ten (10) days notice to the opposing party to afford them an opportunity to object to or otherwise limit the disclosure of the Material to the Witness or Deponent;

v. Independent experts retained to assist counsel of record for the parties in this case, provided that they agree in writing to be bound by the terms of this Order and sign an acknowledgement in the form attached as Exhibit 1. Prior to the execution of the acknowledgement attached to this Order as Exhibit 1, the party proposing the expert witness shall give ten (10) days notice to the opposing party to afford them an opportunity to object to or otherwise limit the disclosure of the Material to the expert witness;

vi. Stenographic reporters transcribing a deposition or hearing at which the Material is disclosed; and

        vii.    The judge hearing this case and their respective staffs.

3.    A Producing Party may designate a Document as "Confidential" or "Attorneys' Eyes Only" by clearly stamping, labeling, marking or otherwise identifying the Document as "Confidential" or "Attorneys' Eyes Only" at the time the Document is produced.  A Producing Party may also designate Material as "Confidential" or "Attorneys' Eyes Only" by clearly designating documents as such in a separate written statement.  In lieu of marking originals, the Producing Party may mark copies of the Documents that are produced or exchanged.  With respect to electronic data or information, the notation "Confidential" or "Attorneys' Eyes Only" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is stored.

4.    Testimony in depositions and transcripts thereof in this proceeding shall not be presumed "Confidential" unless separately designated as such.  A party may designate testimony from a deposition or other proceeding as "Confidential" or "Attorneys' Eyes Only" by submitting a written designation of the "Confidential" or "Attorneys' Eyes Only" testimony, by page(s) and line(s), within ten (10) business days after receipt of the transcript from said deposition or other proceeding.

5.    Documents or testimony shall be designated "Attorneys' Eyes Only" only if the producing party believes in good faith that such documents contain or reflect trade secrets, non-public proprietary or commercial information, or other sensitive competitive materials for which a protective order would be legally justified under Rule 26(c) of the Federal Rules of Civil Procedure.

6.    The inadvertent or unintentional disclosure of any Confidential Information or Attorneys' Eyes Only information by the Producing Party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential

Material or Attorneys' Eyes Only Material disclosed or as to any other related information. Similarly, the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of the Producing Party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the Producing Party.

7.  The parties agree that all Material disclosed in this case shall only be used for the purposes of this litigation.

8.  Material designated as "Confidential" may only be disclosed to Qualified Persons defined in this Order and only for the purpose of prosecuting or defending this case without further order of the Court or pursuant to lawful process or further stipulation between the parties.

9.  Material designated as "Attorneys' Eyes Only" may only be disclosed to Qualified persons as defined in paragraph 2(e)(i), (iii), (v), (vi) and (vii) of this Order and only for the purpose of prosecuting or defending this case.

10. In the event that any Confidential or Attorneys' Eyes Only Material is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Court at the time of filing that such paper contains Confidential or Attorneys' Eyes Only Material protected by this Order, and shall notify the other parties of the confidential nature of the filing. The Court shall keep such Confidential or Attorneys' Eyes Only Material under seal; provided, however, that access to such Confidential or Attorneys' Eyes Only Material filed with the Court shall be afforded to the Court and to counsel for the undersigned parties.

11. If, at the time of hearing or in connection with any pre-hearing proceeding, counsel for a party intends to introduce any Material designated as "Attorneys' Eyes Only" made subject to this Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such Material subject to this Order.

12. Nothing in this Order shall prevent a Producing Party from disclosing its own Material in any manner whatsoever.

13. Nothing in this Order shall prevent disclosure of Confidential Material or Attorneys' Eyes Only Material beyond the terms of this Order if the Producing Party consents to such disclosure in writing prior to the disclosure.

14. This obligation of confidentiality shall not, however, apply to information that (i) is or subsequently becomes publicly available without the receiving party's breach of any obligation under this Order; (ii) is known to the receiving party prior to the disclosure of the Material subject to this Order; (iii) becomes known to the receiving party from a source other than the disclosing party other than by the breach of any obligation set forth in this Order; (iv) is independently developed by the receiving party; or (v) is required to be disclosed pursuant to any order of a court of competent jurisdiction or regulatory order properly served on the receiving party, provided that the receiving party shall give the Producing Party, through their counsel, reasonable written notice prior to such disclosure and shall comply with any applicable protective order. If a receiving party believes Material designated by a Producing Party is not actually confidential for the reasons set forth in this Paragraph 14, or for any other reason, such

7

designated Material shall not be disclosed without further order of the Court or pursuant to lawful process or further stipulation between the parties.

15. If a party wishes to challenge a Producing Party's designation of certain Material, the challenging party shall give the Producing Party and opposing counsel written notice identifying the specific Material at issue. If the Producing Party does not consent in writing to eliminate the designation within ten (10) business days after receiving said notification, then the challenging party may file an appropriate motion with the Court seeking to have the designation removed from the Material at issue.

16. If a party wishes to disclose Material subject to this Order to person(s) not defined as "Qualified Persons" in this Order, then that Party shall given the Producing Party and opposing counsel written notice identifying the specific Material at issue, the person for whom disclosure is requested and the reasons for the requested disclosure. If the Producing Party does not consent in writing to the requested disclosure within ten (10) business days after receiving said notification, then the requesting party may file an appropriate motion with the Court seeking an Order allowing the requested disclosure. If the Producing Party gives consent in writing, or an Order allowing the requested disclosure is entered, the person(s) to whom said disclosure is made shall be given and sign a copy of this Order indicating his or her understanding of and consent to be bound by its terms. The requesting party shall not make the requested disclosure unless and until the Producing Party consents in writing or the Court enters an Order allowing the requested disclosure.

17. A Producing Party who is not a party to this case shall have standing to enforce the terms of this Order with respect to Material produced by the Producing Party.

18. Within thirty (30) days after the conclusion of this case, by settlement or adjudication, including any appellate proceedings, the Material produced or provided by the parties or non-parties shall be returned to their respective counsel or destroyed in a manner that obscures beyond recognition to any third party the contents of the Material. Appropriate methods of destruction include shredding and incineration. Each party shall certify in writing to the Producing Party that all Material has been returned to the Producing Party or destroyed, and all work product abstracts or summaries containing or referring to Material has been destroyed, as appropriate under this paragraph. Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either party has a good faith belief that work product abstracts or summaries of Material must be maintained for the defense of potential malpractice claims, counsel shall serve the Producing Party with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

19. The provisions of this Order shall survive and remain in full force and effect after the entry of the final judgment in this case, including any proceedings to enforce the judgment or any appellate proceedings, whether by settlement or adjudication.

**IT IS SO ORDERED.**

Dated: 2/18/2009                                              s/Robert H. Cleland
                                                              District Court Judge

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LYNCH & CO. FUNERAL DIRECTORS,
PLLC, a Michigan professional limited liability
company, THOMAS LYNCH, an individual,

           Plaintiffs,

v.

          No. 08-13949
          Hon. Robert H. Cleland

FUNERAL ETHICS ORGANIZATION, INC.,
a Vermont corporation, LISA CARLSON, an
individual, FUNERAL CONSUMERS ALLIANCE
OF IDAHO, INC., an Idaho corporation, FUNERAL
CONSUMERS ALLIANCE, INC., a Pennsylvania
corporation,

           Defendants.
_____/

**UNDERTAKING OF _____**

    I, _____, declare that I have carefully read and I understand the provisions of the Stipulated and Agreed Protective Order. I agree to comply with all of the provisions of the Stipulated and Agreed Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated and Agreed Protective Order, and will use only for purposes set forth in the Stipulated and Agreed Protective Order, any Confidential Material or Attorneys' Eyes Only Material which is disclosed to me.

                                            _____
                                            (Signature)