# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LYNCH & CO. FUNERAL DIRECTORS,
PLLC, a Michigan professional limited liability
company, THOMAS LYNCH, an individual

        Plaintiffs,

v.                                        Case No. 08-CV-13949

FUNERAL ETHICS ORGANIZATION, INC.,
et al.

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEY FEES

Pending before the court are three motions for attorney fees. The court entered a judgment against Plaintiffs Lynch & Co. Funeral Directors PLLC and Thomas Lynch on July 31, 2009. On August 27, 2009, Defendant Funeral Ethics Organization ("FEO") filed its motion pursuant to Federal Rule of Civil Procedure 54(d)(2), Eastern District of Michigan Local Rule 54.1.2, the court's inherent authority, and 28 U.S.C. § 1927.[1] On August 28, 2009, Defendant Lisa Carlson filed her motion, adopting Defendant FEO's arguments and additionally citing Federal Rules of Civil Procedure 36 and 37. On September 2, 2009, Defendant Funeral Consumers Alliance ("FCA") filed its motion,

---

[1] Contrary to Plaintiffs' assertion, Defendant FEO did not seek relief under Federal Rule of Civil Procedure 11. While FEO attached a draft Rule 11 motion as Exhibit C to its motion for attorney fees, Defendant FEO did not independently file a Rule 11 motion. FEO did indicate an intention to later file a Rule 11 motion, but has apparently abandoned any request for attorney fees under Rule 11. The court does, however, find it somewhat odd that the draft Rule 11 motion was attached to the motion for attorney fees and has not considered that motion, nor any of its arguments, in resolving the instant motions.

adopting the arguments within the previous two attorney fee motions.[2] The court has reviewed the motions and determines that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the motions will be denied.

**I. BACKGROUND**

Plaintiff Thomas Lynch is a mortician, author, and poet. He and his son, Michael, are the only two members of Plaintiff Lynch & Co. Funeral Directors, PLLC ("Lynch & Co."). Plaintiffs filed their claims in this action on September 18, 2008, against Defendants, FEO, Carlson, and FCA, claiming that Carlson had made defamatory comments about Plaintiffs. In the course of litigation, Defendants served Plaintiffs with various sets of interrogatories and requests for admission. In particular, Defendant Carlson's "First Request for Admissions" asked Plaintiffs (in various forms) to admit that they had suffered no damages and to admit that they were either public figures or limited-purpose public figures. (Def. Carlson's Mot. Br., Ex. B.)

On July 31, 2009, the court entered summary judgment against Plaintiffs. (7/31/09 Order at 18.) In its opinion, the court stated that it found for Defendants because Plaintiffs were limited-purpose public figures and because Plaintiffs could not show actual malice:

> Because Lynch and Lynch and Co. are both limited purpose public figures, they must provide evidence such that a rational finder of fact could find actual malice by clear and convincing evidence. *Anderson*, 477 U.S. at 254 (1986). Here, neither Plaintiff has done so. The evidence offered by Lynch proves that there is a vigorous public debate and some degree of ill will. Nonetheless, there is no evidence on which a rational jury could find

---

[2]Under the local rules, attorney fee motions must be filed no later than 28 days after entry of judgment. Defendant FCO filed its motion on the 33rd day post-judgment, and is thus untimely. Nonetheless, for the reasons stated above, even if the motion had been timely filed, it would be denied on the merits.

actual malice. Defendants are therefore entitled to summary judgment on all four counts of the complaint.

(*Id.* at 18.) The order also included the following footnote:

> Even if the court had not granted summary judgment on the lack of proof of actual malice, Defendants would nonetheless be entitled to summary judgment on at least some of the other grounds raised by Defendants in their briefs. For example, the statement involving what "appears" to occur on the documentary appears to be either provably true or statement of Carlson's opinion in reviewing the documentary. Moreover, the court is inclined to find that Plaintiffs could not prove damages if this case proceeded to trial. Plaintiffs have foregone any expert testimony on the issue and at his deposition, Lynch admitted that he could not say if a downturn in business related to the alleged defamatory material. (Lynch Dep. At 276, FEO's Mot. Ex. F.) While his loss in profits "may be attributed" to the challenged statements, this half-hearted assertion could not be used to contradict his earlier sworn statement. A party may not create a genuine issue of material fact by filing an affidavit that "essentially contradicts his previous deposition testimony" after a motion for summary judgment has been filed. *Penny v. United Parcel Serv.*, 128 F.3d 408, 415 (6th Cir. 1997).

(*Id.* at 18, n.10.)

The primary bases for Defendants' motions for attorneys fees are certain statements Lynch purportedly made in the weeks following the disposition of the case. In Charles Cowling's blog entitled "The Good Funeral Guide," Mr. Cowling made a post on August 17, 2009 captioned "That Tom Lynch libel case." (*See* Def. FEO's Mot. Br., at Ex. B.) In the comments following the post, Mr. Cowling stated that he received the following in an email from Thomas Lynch:

> I brought suit against Ms. Carlson and her factotum, Josh Slocum, not over anything she said about me or my published work, but because of a false and libelous statement she made in print about our family and our firm. She wrote: "The Lynches have been vocal against families caring for their own dead…." Nothing could be further from the truth.
>
> First I asked for a simple retraction and apology. When none was forthcoming, I asked her board to correct the record. When she refused them, most resigned in protest. I filed suit as a matter of principle and a last resort. In the course of those proceedings, Ms. Carlson's latest desktop enterprise–the so-called Funeral

3

> Ethics Organization (formerly FCA, previously, FAMSA, soon to be something else, no doubt) lost its board of directors and ceased publishing. The FEO now operates without a board, outside the requirements of its own bylaws. It is what it has mostly always been, a copy and paste forum for Lisa & Josh's blather and a sales office for her self-published screeds and manifestos.
>
> It took them three attorneys, ten hours of deposition, and most of a year to dismiss this item, which could have been dismissed with an apology. The court ruled that as a public figure, I am not entitled to the same protections against libel as a private citizen, especially in relation to a pair of feckless bloggers from Vermont with mailing lists and readerships in the several dozens. Their triumvirate of attorneys (apparently they do not believe in do-it-yourself lawyering) argued that I had not proven sufficient "damages" to bring this to trial. Oh well, I suppose that may well be so. In the year since the lawsuit started, we bought another funeral home, I finished two books that will be published next year, another of our third generation got licensed, and the documentary film about our family's work won an Emmy Award. It seems we thrive in spite of Ms. Carlson's ad hominems.

(Def. FEO's Mot. Br., at Ex. A., Posting of Charles Cowling, attributed to Lynch, to *That Tom Lynch libel case*, THE GOOD FUNERAL GUIDE, (Aug. 17, 2009), http://www.goodfuneralguide.co.uk/2009/08/that-tom-lynch-libel-case.html). Portions of these comments, again attributed to Lynch, also appear in Kates-Boyleston Publications' INDUSTRY NEWS, in an article entitled "Court Rules Thomas Lynch Has No Case for Libel," dated August 6, 2009. (*Id.*, Ex. B.)

Defendants claim that these statements prove that Thomas Lynch suffered no damages and that he knew he suffered no damages as a result of any actions by Defendants. Defendants bring their motions for attorney fees based on these comments and Plaintiffs' actions during the course of litigation.

## II. DISCUSSION

Although Defendants base their arguments on various legal authorities, the fundamental premise of their motions is that the written statements that Lynch made to the public following the conclusion of this lawsuit somehow prove that he suffered no

4

damages and that he brought this allegedly frivolous action in bad faith.  Although the court will address each of the legal arguments below, the court first notes that Defendants' argument is based on several factual premises that the court does not accept.

First, the court is dubious that comments made in one of its footnotes that it was "inclined" to grant summary judgment on the alternative basis of damages can form the basis of an award attorney fees in this case.  The bulk of the court's July 31, 2009 opinion was devoted to the public figure issue, not to the damages issue.  The court included all of four sentences in the footnote to the damages question, and even then the court's conclusion rested not on any finding that Defendants had shown Plaintiffs did not suffer damages, but on a finding that Plaintiffs had not produced sufficient proof to establish damages.  The court has never found that Plaintiffs have not suffered damages, only that they seemed to have produced inadequate proof of damages.  This conclusion is unaltered by the current statements on which Defendants rely.  The statements do not "prove" that Plaintiffs did not suffer damages.

Fundamentally, Defendants have not made even a preliminary showing that any of the post-judgment comments made on the internet or cited to Lynch can form the basis of their motions for attorney fees.  Plaintiff does not explicitly contest that Thomas Lynch is the author of these statements, but it seems to the court that there is a threshold authentication issue which Defendants have not addressed.  Moreover, even if these statements are rightfully attributed to Lynch, the court is not persuaded that post-judgment comments (offered, it would appear, at least in part as a marketing or public relations strategy) and not sworn to under oath can–or should–form the basis of

5

the heavy sanction of attorney fees. Under these circumstances, a higher level of evidence is required to "prove" that Plaintiffs suffered no damages.

Further, contrary to Defendants' arguments, the substance of the statements themselves is not an unambiguous admission that Plaintiffs did not suffer damages. Accepting, *arguendo*, that these statements are properly attributed to Lynch, he refers to the time period *after* the lawsuit was filed, without addressing whether he suffered damages before the lawsuit was filed. He also refers to matters which relate to general prosperity (Emmy Awards, completing two books, the licensing of a family member), rather than economic growth related to his funeral business. While Lynch does state that "we" purchased another funeral home, he does not state that he, for example, raked in high profits in his existing funeral home. Nor does he indicate who "we" refers to–it could be the two Plaintiffs in this litigation, or the Lynch family in general. Additionally, he does not specifically agree with the court's inclination that he suffered no damages. Instead, he states that he "suppose[s]" it "may well be so," and states that it "*seems* we thrive in spite of Ms. Carlson's ad hominems." (Def. FEO's Mot. Br., Ex. A & B (emphasis added).)

Simply put, the statements which form the basis of Defendants motions are not the clear, admissible, unassailable pieces of evidence which Defendants suggest. They do not necessarily "prove" any degree of bad faith or any admission that Plaintiffs did not sustain any damages. The court could deny Defendants' motions on this basis alone, but will briefly address each of their arguments below.

## A. Inherent Authority

In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court held that a district court has the "inherent authority" to impose independent sanctions. *Id.* at 43-50. But the "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). When invoking its inherent authority, "a court must exercise caution . . . and comply with the mandates of due process." *Dell, Inc. v. Ellis*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers*, 501 U.S. at 50). Nevertheless, a court "should not shrink from exercising [its power] when sanctions are justified by the circumstances." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

> With regard to attorney fees, the Supreme Court stated:
>
> [A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.

*Chambers*, 501 U.S. at 45-46 (internal citations and quotations omitted). The Sixth Circuit has held that to award attorney fees to the prevailing party, a court must find that "'(1) the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as harassment.'" *Stalley*, 517 F.3d at 920 (quoting *First Bank of Marietta*, 307 F.3d at 512) (enumeration added).

Defendants argue that Plaintiffs "***never*** proved damages" and "actually

7

***confirm*[ed]** that their damage allegations were false and had no merit." (Def. FEO's Mot. Br., at 10 (emphasis in original).) In support of their position, Defendants point to public statements purportedly made by Plaintiff in the weeks following summary disposition. (*Id.*) In the statements, Plaintiff indicates that, "[i]n the year since the lawsuit started, we bought another funeral home, I finished two books that will be published next year, another of our third generation got licensed, and the documentary film about our family's work won an Emmy Award. It seems we thrive in spite of Ms. Carlson's ad hominems." (*Id.,* Ex. A & B.)

A claim is not frivolous or brought in bad faith simply because it is later found to lack merit. *See Bell v. Johnson*, 308 F.3d 594, 607 n.5 (6th Cir. 2002) ("The Supreme Court's decision in *Lewis [v. Casey*, 518 U.S. 343, 353 nn.2-3 (1996)] . . . makes it clear that a claim need not be successful to be non-frivolous."). Thus, the mere fact that Plaintiffs' claim did not survive summary judgment is not indicative of bad faith. And, while this court stated that it "[was] inclined to find that Plaintiffs could not prove damages if this case proceeded to trial," summary judgment was granted on the lack of proof of actual malice (7/31/09 Order at 18, n.10.); no determination of actual damages has been made.

Moreover, Defendants mischaracterize Plaintiff's post-judgment comments in an effort to show pre-filing knowledge of the validity of the claims. Plaintiff's statements indicate (1) a present state of mind that accepts the possibility, that is "[it] may well be so", that there were insufficient damages to support the claims and (2) the present, successful, state of Plaintiff Thomas Lynch's family business. Neither statement

8

indicates that Plaintiffs or their attorney knew, or had reason to know, that no damages existed when the complaint was filed or during the course of litigation.

Because Defendants cannot show that Plaintiffs or their attorney knew, or had reason to know, during the course of litigation that Plaintiffs had not suffered damages, the court is disinclined to invoke its inherent power to impose sanctions. The court does not find "'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Chambers*, 501 U.S. at 46 (*quoting Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)). Thus, Defendants' motions for attorney fees under the court's inherent authority are denied.

## B.  28 U.S.C. § 1927

"Section 1927 provides that any attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997) (quoting 28 U.S.C. § 1927). Under §1927, the court does not make a determination of subjective bad faith. *Jones v. Continental Corp.* 789 F.2d 1225, 1230 (6th Cir. 1986). Instead, the court must use an objective standard and determine whether "an attorney knows or reasonably should know that a claim pursued is frivolous." *Id.* at 1230.

In *Riddler*, the Sixth Circuit reiterated that, when applying this objective standard,

> "[S]imple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."

*Riddler*, 109 F.3d at 298 (quoting *In re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987)).

"Care must be taken in assessing attorney fees under 28 U.S.C. § 1927, to assure that attorneys are not deterred from their ethical obligation of zealous advocacy on behalf of their clients." *Salkil v. Mount Sterling Tp. Police Dept.,* 458 F.3d 520, 535 (6th Cir. 2006) (citing *Ruben*, 825 F.2d at 983). Throughout the disposition of this matter, Plaintiffs have contended that they suffered harm to their reputation and feelings in addition to a loss of profits. (Pl.'s Resp. to Def.'s Mot. for Summ. Disp., June 26, 2009, at 23.) And, again, while this court was inclined to believe that Plaintiffs would not be able to prove damages if the case proceeded to trial, they set forth an arguable theory of damages. While the court was not inclined to accept the theory, counsel's position was not frivolous. The court does not find that Plaintiffs' attorney unreasonably or vexatiously multiplied the proceedings in this matter; rather, he was zealously advocating for his client. Thus, attorney fees are inappropriate in this matter under 28 U.S.C. § 1927.

### C. Rule 37(c)(2)

"Federal Rule of Civil Procedure 36 governs requests for admission, and Federal Rule of Civil Procedure 37(c) allows for an award of costs and reasonable attorney's fees in cases in which a party does not comply with Rule 36." *Kasuri v. Saint Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 855 (6th Cir.1990). Specifically, Rule 37(c) provides as follows:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

10

    (A) the request was held objectionable under Rule 36(a);
    (B) the admission sought was of no substantial importance;
    (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
    (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). Thus, a court must award Rule 37(c) attorney fees if: (1) a responding party fails to admit a request; (2) the requesting party later proves the matter; and (3) none of the four, listed exceptions apply.

  Defendants Lisa Carlson and FCA ask for attorney fees related to seven requests for admissions. The seven requests are addressed below in turn.

*1. Request numbers 1, 2, and 3*

  In the first three requests, Plaintiffs are asked to admit that Plaintiffs were public figures for purposes of the allegations in the complaint. (Def. Carlson's Mot. Br., Ex. B.) Plaintiffs denied this request with respect to both Plaintiff Thomas Lynch and Plaintiff Lynch & Company Funeral Directors. (*Id.*)

  To prevail in a request for attorney fees under Rule 37(c)(2), the requesting party must prove the matter to be true. The court found Plaintiffs to be "limited-purpose public figures", not "public figures" as request numbers 1, 2, and 3 provide. Accordingly, attorney fees are inappropriate regarding Plaintiffs' denial of request numbers 1, 2, and 3.

*2. Request numbers 4, 5, and 6*

  In the next three requests, Plaintiffs are asked to admit that Plaintiffs were limited-purpose public figures for purposes of the allegations in the complaint. (Def. Carlson's Mot. Br., Ex. B.) Plaintiffs again denied with respect to both Plaintiff Thomas Lynch and Plaintiff Lynch & Company Funeral Directors. (*Id.*)

Even though the court found that Plaintiffs were limited-purpose public figures, Defendants are still not entitled to attorney fees. Attorney fees are not appropriate under Rule 37(c)(2) if "the party failing to admit had a reasonable ground to believe that the party might prevail on the matter." Fed. R. Civ. P. 37(c)(2)(C). Defendants cite to the court's decision that Plaintiffs were a limited-purpose public figure as their only evidence that Plaintiff failed to comply with Rule 36. This is not enough to establish that it was unreasonable for Plaintiffs to believe that they might prevail on the matter. Plaintiffs set forth a good faith argument for their position that they were not limited-purpose public figures. Accordingly, attorney fees are inappropriate regarding Plaintiffs' denial of request numbers 4, 5, and 6.

### 3. Request Number 7

In request number 7, Plaintiffs are asked to admit that they "sustained no economic damages as a result of the allegations contained within the Plaintiffs' Complaint." (Def. Carlson's Mot. Br., Ex. B.) Plaintiffs denied the request without explanation. (*Id.*)

Here, Defendants claim that Plaintiffs suffered no economic damages and, therefore, this proves that request number 7 is true. As stated above, no determination of damages has been made. The court noted that it "[was] inclined to find that Plaintiffs could not prove damages if this case proceeded to trial," but this is not enough to establish that it was unreasonable for Plaintiffs to believe that they might prevail on the matter. (7/31/09 Order at 18, n.10.) Accordingly, attorney fees are inappropriate regarding Plaintiff's denial of request number 7.

## III. CONCLUSION

IT IS ORDERED that Defendants' motions for attorney fees [Dkt. ## 57, 60, 63] are DENIED.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: February 11, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522